RAWLS & GRIFFIS v. J. C. PATTERSON.

SALE OF PERSONAL PROPERTY. *When title passes.* Frank sold to Rawls & Griffis two bales of cotton, then partly picked out, agreeing to deliver the cotton at Patterson's gin, and when it should be ginned and separated from Patterson's portion as landlord, and the weight of the balance ascertained, they were to give him [Frank] credit for the amount, on a debt which he owed them. The cotton was delivered, but before it was ginned and baled or separated, Patterson levied an execution on it, and had it sold.

*Held,* After the delivery to the gin, Patterson became the agent

Rawls & Griffis v. J. C. Patterson.

of the parties for ginning, etc., and that Frank had nothing more to do after the delivery of the cotton, and that the sale was then completed, and the title passed to Rawls & Griffis upon the delivery of the cotton at the gin.

Cases cited: Bush v. Barfield, 1 Cold., 92.

## FROM LINCOLN.

Appeal from the Circuit Court. WM. P. HICKERSON, Judge.

BOYLES & BURNAM for Rawls & Griffis.

NEWMAN & ALLEN for Patterson.

Opinion by the Court.

This is a controversy as to the title to two bales of cotton. Rawls & Griffis claim as purchasers from Samuel Frank, who raised a crop of cotton in 1871, as renter on the land of J. C. Patterson. In October Frank sold to Rawls & Griffis two bales of the crop then partly picked out, at 17c. per pound, and agreed to deliver the cotton at Patterson's gin, and when it should be ginned and separated from Patterson's portion as landlord, and the weight of the balance ascertained, Rawls & Griffis were to give him (Frank), credit for the amount on a debt which he owed them. The cotton was accordingly delivered by Frank at the gin of Patterson, but before it was ginned and baled Patterson had an execution levied on it, and after separating his portion for the rent and for toll, sold

the balance in satisfaction of his debt. He therefore claims under his execution sale.

The question in the case was, whether the sale by Frank to Rawls & Griffis was complete and absolute, upon the delivery of the cotton at Patterson's gin, or whether the sale was incomplete, because Frank had to have the cotton ginned, baled, weighed and separated from Patterson's portion, before the trade was complete? This question was submitted to the jury, under a charge by the Court, which was in strict accordance with the law as laid down in *Bush* v. *Barfield,* 1 Cold., 92. The jury found, under the proof, that after the delivery of the cotton at Patterson's gin, Patterson became the agent of the parties for ginning, weighing and baling the cotton, and that Frank had nothing more to do after the delivery of the cotton; and therefore that the sale was complete, and that the title passed to Rawls & Griffis upon the delivery of the cotton at the gin. Their verdict was accordingly for the plaintiffs for the value of the cotton. As the charge of the Court was unexceptionable, and as we cannot say that the finding of the jury is not supported by the evidence, we cannot see that there is any error in the judgment below, and affirm it.